UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN A. WARREN,

        Petitioner,               Case No. 1:11-cv-1307

v.                                        Honorable Robert J. Jonker

WILLIE SMITH,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the Court lacks jurisdiction to consider it.

**Factual Allegations**

In 1991, Petitioner Brian A. Warren pleaded guilty to drawing a check upon a bank without a bank account ("no account check"), in violation of MICH. COMP. LAWS § 750.131a. He was sentenced to 90 days in jail, but the sentence was suspended pending successful completion of

probation. In February 1995, Petitioner pleaded guilty to violation of the terms of his probation, and in March 1995, he was sentenced to 90 days in jail, with credit for 49 days served. Petitioner has served the sentences for the foregoing convictions (collectively, the "prior convictions") and, thus, they have expired. Petitioner presently is incarcerated for other convictions from 1995, i.e., for kidnapping, MICH. COMP. LAWS § 750.439, first-degree criminal sexual conduct (two counts), MICH. COMP. LAWS § 750.520b, and felony murder, MICH. COMP. LAWS § 750.316(b). On October 16, 1995, Petitioner was sentenced to 30 to 60 years of imprisonment for the kidnapping and criminal sexual conduct convictions, and to life imprisonment for the murder conviction. Petitioner contends that his prior convictions were used to enhance several of the sentences for which he is now incarcerated. He further contends that his prior convictions are invalid because he was not informed of his right to appeal or his right to appellate counsel when the sentences for those convictions were imposed.

## Discussion

This Court lacks jurisdiction to grant habeas corpus relief with respect to an attack on Petitioner's prior convictions. "For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be 'in custody pursuant to the judgment of a State court.'" *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001) (quoting 28 U.S.C. § 2254(a)); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States. . . ."). Petitioner is no longer in custody for his prior convictions because the sentences for those convictions have expired. Ordinarily, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to

render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). The mere fact that Petitioner's prior convictions were used to enhance his current sentence does not render him "in custody" with respect to those convictions. *See Maleng*, 490 U.S. at 492. Thus, the Court lacks jurisdiction to consider an attack on the prior, expired convictions because Petitioner is no longer in custody for them.

The Court in *Maleng* noted, however, that a challenge to a sentence-enhancing prior conviction could be "construed" as a challenge to the petitioner's *current* sentence (i.e. one for which he is in custody under § 2254), "as enhanced by the allegedly invalid prior conviction." *Id.* at 493. Petitioner's current sentences are based on his 1995 convictions for kidnapping, criminal sexual conduct, and murder. Petitioner has already filed several unsuccessful petitions challenging his custody for those convictions, however. *See, e.g., Warren v. Jackson*, No. 2:00-cv-73560 (E.D. Mich. May 24, 2001) (denying petition with prejudice); *Warren v. Jackson*, No. 1:05-cv-791 (W.D. Mich. May 9, 2008) (denying petition on the merits). Thus, to the extent the instant petition could be construed as a challenge to Petitioner's current sentences, it is second or successive. A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions). The habeas statute imposes stringent requirements on prisoners wishing to file second or successive habeas applications. "Before a second or successive

application . . . is filed in the district court, the applicant [must] move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not complied with the foregoing requirement; he has not filed a motion for an order authorizing this Court to consider his petition. Without such authorization, the Court lacks jurisdiction to consider a second or successive petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007). Consequently, even if the petition is construed as an attack on Petitioner's *current* sentences, as enhanced by his prior convictions, the Court lacks jurisdiction to consider it.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's habeas application pursuant to Rule 4 because the Court lacks jurisdiction to consider it.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it

was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). To determine whether a certificate is warranted, each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the [petitioner's] claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that reasonable jurists could not conclude that this Court's dismissal of the habeas petition for lack of jurisdiction was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:     January 10, 2012            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE